Hitchcock, J.
The 10th section of the act for the relief of occupying claimants of land, provides, “ that if the success- ‘ ful claimant, his heirs, or the guardian of such heirs, they ‘ being minors, shall elect to receive the value of the land, with- ‘ out improvements, so as aforesaid assessed, to be paid by the ‘ occupying claimant, within such reasonable time as the Court ‘ may allow, and shall tender a general warranty deed of the *287 ‘ land in question, conveying such adverse or better title, within £ the time allowed by the Court for the payment of the money £ in this section mentioned, and the occupying claimant shall ‘ refuse or neglect to pay said money (the .value of the land £ without the improvements) to the successful claimant, his £ heirs or their guardians, within the time limited as.aforesaid, £ then a writ of possession shall be issued in favor of said sue- £ cessful claimant, his heirs or their guardians.” The object of this section is to secure to a defendant in ejectment, a good title to the lands in controversy, provided the successful claimant shall prefer to take the value of the land, as assessed by a jury, rather than to pay for the improvements and keep the land. So that this object can be secured, it is immaterial from whence the title is derived. In this case, this Court have decided that, at the time of the commencement of the suit, the title was in the lessors of the plaintiff. But, since that time, this title has been transferred to Israel Dille. If the defendants can get this title from Dille, secured by warranty deed, they get all that the law intended to secure to them. We think that a tender of such deed, executed by Dille, will be a substantial compliance with the requisitions of the statute.
The, lessors of the plaintiff claim that they are entitled, not only to the assessed value of the land, but also to interest upon that assessed value. ■ We think not. Had the delay in bringing this matter to a close been entirely on the part of the defendants, such claim might have been reasonable. But it is not so. An order of the Court, for the valuation of improvements, may be made on the application of either party; and, when made, either party may proceed to have it executed.— The lessors of the plaintiff might, six years since, have brought this matter to a close, but they neglected to do it. The defendants being in possession, without title, were not anxious to move in the matter. Had the plaintiff elected to pay for the improvements, the accruing rents would have been deducted from the amount of their assessed value; but, electing to take the land, he can receive no more than the seven hundred dollars.